PETITION UNDER 28 U.S.C. 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

PROVIDED TO CHARLOTTE CORRECTIONAL INSTITUTION ON 9/20/22 FOR MAILING BY

United States District Court Second District

Christopher Boehm
v.
State of Florida

Case # LT. 05-CF-01810

2:22CV623JLBNPM

2022 SEP 26 PM FILED

## PETITION

Petitioner is challenging the judgment and sentence of the Twentieth Judicial Circuit Court Lee County Florida. Convicted of Lewd or Lascivious Molestation on 02.28.08 Petitioner plead not guilty

Public Defender William Miskavitch failed to file a Notice of Appeal after being instructed to do so by Defendant, and after informing Defendants wife and son that he would do so, depriving Petitioner of reasonably competent representation constituting <u>ineffective assistance of counsel</u> and <u>manifest injustice.</u>

Defendant had little or no understanding of the post conviction appeals process or any post conviction motions thus relying 100% on counsels competents. Counsel never requested or copied (free of charge) transcripts for defendants use proving that he never had any intention of filing or allowing defendant an appeal or 3.850 post conviction motion again depriving defendant of any competent representation constituting once again <u>manifest injustice</u>

Defendant was not made aware of counsels inaction untill 8.6.19 in a response for records made by Defendant to the Public Defenders office (see Exhibit·A·) William Miskavitch "dropped the ball"

See also letter from State Attorney stating they only have the transcript of sentencing hearing no trial transcripts or Notice of appeal.

validating defendants claim of ineffective assistance of counsel under NEWLY DISCOVERED EVIDENCE.

A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable, even if the lawyer believes the appeal to be frivolous. The failure of trial counsel to file a requested appeal constitutes an independant ground for HABEAS RELIEF.

In addition, grounds raised in defendants motion for a new trial are ripe for an appeal (SEE: EXHIBIT PART -B-)

Stricklands requirement of showing of prejudice does not apply where the alleged ineffective assistance of counsel's unexcused failure to bring a direct appeal from a criminal conviction upon defendants direction to do so, which is fundamental error, violating the defendant's due process rights. In such cases or circumstances, prejudice will be presumed, Hernandez v. United States, 202 F 3d 486 (2d Cir 2000). Counsel's failure to file a notice of appeal was without petitioner's consent. Failure to appeal after conviction is CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL without a specific showing of prejudice. The right to be represented by competent counsel is by far among the most fundamental of rights. Penson v. Ohio 488 U.S. 75, 84-85 Ed 2d 300, 109 S. Ct. 346 (1988) Of all that an accused person has, the right to be represented by counsel is by far the most pervasive, for it effects his ability to assert any other rights. Kimmelman v. Morrison, 477 U.S. 365, 377 91 L. Ed. 2d 305. As a general matter it is through counsel that all other rights of the accused are protected (SEE: AFFIDAVIT PART-C-) See also (EXHIBIT PART-D-) Letter from clerk of court and case docket

## RELIEF SOUGHT

THEREFORE PETITIONER PRAYS THAT THE COURT GRANT THE FOLLOWING RELIEF: AMONG OTHER THINGS OR MATTERS THE MERITS OF THE CLAIM SHOULD HAVE BEEN GRANTED BY THE LOWER COURT. ISSUES ADDRESSED ON THIS PETITION SHOULD BE REVERSED AND REMANDED BACK TO THE LOWER COURT FOR AN EVIDENTIARY HEARING AND CONVICTION OVERTURNED AND ANY RELIEF TO WHICH PETITIONER MAY BE ENTITLED.

## OATH

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS PETITION FOR WRIT OF HABEAS CORPUS WAS PLACED IN THE PRISON MAILING SYSTEM ON

EXECUTED (SIGNED) ON 09/20/2022

_____
SIGNATURE OF PETITIONER